| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1**<br><br>Jeffrey Kurtzman, Esquire (JK-7689)<br>**KURTZMAN \| STEADY, LLC**<br>2 Kings Highway West, Suite 102<br>Haddonfield, NJ  08033<br>kurtzman@kurtzmansteady.com<br>Telephone: (856) 428-1060<br><br>Attorneys for Maureen P. Steady, as Chapter 7<br>Trustee | |
| In re:<br><br>T.J. MCDERMOTT TRANSPORTATION CO.,<br>INC.,<br><br>              Debtor. | Case No. 22-17912 (JNP)<br><br>Chapter 7<br><br>Judge Jerrold N. Poslusny, Jr. |

**APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF KURTZMAN | STEADY, LLC, AS ATTORNEYS FOR MAUREEN P. STEADY, CHAPTER 7 TRUSTEE, PURSUANT TO 11 U.S.C. §331**

1.    Kurtzman | Steady, LLC ("Applicant"), as attorneys for Maureen P. Steady, Chapter 7 trustee (the "Trustee") of the above-captioned debtor (the "Debtor"), submits its Application for Interim Compensation and Reimbursement of Expenses (the "Application").

2.    Applicant represents the Trustee as her general counsel.

3.    Applicant was appointed as the attorneys for the Trustee on February 1, 2023, effective as of January 24, 2023.  A copy of the Order appointing Applicant is attached as Exhibit "A".

4.    Applicant is disinterested and has not represented or held an interest adverse to the estate on the matters on which it was employed in compliance with 11 U.S.C. §327(a).

5.      The total amount of the unapproved compensation requested for attorneys' fees is Eleven Thousand Six Hundred Eighty-Five Dollars and Twenty-Five Cents ($11,688.25, as set forth in the attached Exhibit "B".

6.      The requested compensation is interim compensation.

7.      The total out-of-pocket costs for this matter are set forth in the attached Exhibit "B" and total Two Hundred Fifty Dollars and Sixteen Cents ($250.16).

8.      Photocopies are billed by Applicant at the rate of ten cents per copy, facsimiles are charged at $1.00 per page, including long distance charges, and long-distance telephone charges, postage and computer research are billed at cost.

**General Case History**:

9.      On October 5, 2022 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code.

10.      On January 10, 2023, this Court entered an order converting the Debtor's Chapter 11 case to a case under Chapter 7.

11.      The Trustee was thereafter appointed Chapter 7 trustee of the Debtor's estate, has duly qualified and is presently so acting.

12.      Applicant assisted the Trustee in evaluating the existence of avoidance claims under Chapter 5 of the Bankruptcy Code and in administering estate assets

13.      Among other things, the Trustee determined that Sentry Insurance ("Sentry") held a deposit in the amount of $40,000.00 which constituted estate property..  Because Sentry asserted a secured claim, Applicant negotiated a stipulation with Sentry pursuant to which Sentry obtained consensual stay relief and remitted the sum of $18,679.57 to the Trustee.  Applicant prepared a motion to approve the Stipulation, which was approved by this Court on March 22, 2023 [Doc.

No. 118].

14.    In addition, Applicant prepared and filed two motions to reject unexpired leases and executory contracts, which were approved by this Court on March 115, 2023 [Doc. No. 113] and March 29, 2023 [Doc. No. 124], respectively.

15.    In addition, Applicant prepared and filed a complaint in Adv. Pro. No. 23-1054 (JNP) against two additional parties in possession of pre-petition deposits, Miller Truck Leasing ("Miller") and Prime Insurance Company ("Prime").  Miller remitted the full amount of the deposit to the Trustee, resulting in the voluntary dismissal of the complaint against that defendant.  With respect to Prime, the Trustee obtained a Clerk's default as a result of Prime's failure timely to answer or move with respect to the complaint.  Applicant thereafter filed a motion for the entry of a default judgment against Prime (the "Default Motion") [Adv. Pro. Doc. No. 7].

16.    Following the filing of the Default Motion, Applicant and Prime reconciled the amount of the unearned premium in Prime's possession and entered into a settlement agreement resolving the Trustee's claims against Prime.

17.    Applicant prepared and filed a motion for an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a) approving the settlement, together with a notice of proposed compromise.  The settlement of the Trustee's claims against Prime was approved by order of this Court entered on June 13, 2023 [ Adv. Pro. Doc. No. 14].

18.    Applicant also assisted the Trustee in evaluating the Debtor's assets, including whether and to what extent such assets were encumbered by valid liens and security interests. Applicant engaged in extensive communications with counsel for the Debtor's first and second lien lenders and reviewed the respective loan and security instruments to determine whether such liens were valid, perfected and enforceable.

19.     In addition, Applicant has reviewed the proofs of claim filed in the Debtor's Chapter 7 case to determine whether any such claims were subject to disallowance or reclassification and communicated with creditors whose claims were scheduled but had not filed proofs of claim regarding their entitlement to share in a distribution, subject to the filing of appropriate claims against the Debtor.

20.     The Trustee submits the recovery of the funds described herein will result in a meaningful distribution to creditors.

21.     This Application seeks an interim allowance of fees and expenses incurred by Applicant on behalf of the Trustee.

22.     No previous compensation of any kind has been paid to the undersigned.

23.     No retainer of any nature has been paid to the undersigned.

24.     The Trustee has had the opportunity to review the Application and has approved the requested amounts.

25.     The identity of the individual attorney or paralegal performing the services and their respective hourly rates are as follows:

| Initials | Name | Capacity | Hourly Rate |
|----------|------|----------|-------------|
| JK | Jeffrey Kurtzman | Partner | $490.00 |
| MPS | Maureen P. Steady | Partner | $385.00 |

26.     Applicant submits that, upon information and belief, there are sufficient funds in the estate to satisfy the within request for compensation and expenses.

**SUMMARY OF SERVICES RENDERED**

27.     As counsel for the Trustee, Applicant has performed legal services which are described as follows:

a.      Applicant analyzed and took the steps necessary to recover the settlement proceeds

described above;

b.        Applicant review\ed the Debtor's executory contracts and unexpired leases and prepared

and filed respective motions to reject such leases and contracts; and

c.        Applicant has reviewed the proofs of claim filed in this proceeding to ensure that the

applicable claimants were entitled to share ratably in the distribution.


## **RELIEF REQUESTED**

28.        In accordance with Local Rule 2016-1(b), attached to this Application as Exhibit

"B" are itemized summaries of all of the Applicant's time spent and disbursements on behalf of

the Trustee from January 24, 202 through September 7, 2023.

WHEREFORE, Kurtzman | Steady, LLC, as attorneys for the Trustee, requests this Court

enter an Order allowing interim compensation in the amount of $11,688.25 for services rendered

by Kurtzman | Steady, LLC for the period from January 24, 2023 through September 7, 2023 and

reimbursement of expenses in the amount of $250.16 incurred by Kurtzman | Steady, LLC for

the period January 24, 2023 through September 7, 2023, and granting such other and further

relief as may be just.

Dated:  September 8, 2023                    KURTZMAN | STEADY, LLC


By:/s/ Jeffrey Kurtzman_____
    Jeffrey Kurtzman, Esquire
    2 Kings Highway West, Suite 102
    Haddonfield, NJ  08033
    Telephone:  (856) 428-1060
    Email:  kurtzman@kurtzmansteady.com

Attorneys for Maureen P. Steady,
as Chapter 7 Trustee